UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| STEVEN DALESSIO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:17-cv-1652 (SRU) |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| Defendant. | : | |

## **INITIAL REVIEW ORDER**

The plaintiff, Steven Dalessio ("Dalessio"), is incarcerated at the Brooklyn Correctional Institution ("Brooklyn"). He has filed a civil complaint under 42 U.S.C. § 1983 against the Commissioner of Correction.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623

1

F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Dalessio states that he has not been convicted of a violent crime or a crime that was sexual in nature and therefore should not be classified as a sex offender. *See* Compl., Doc. No. 1, at ¶ 2, 11. State of Connecticut Judicial Branch records reflect that on August 29, 2016 in *State v. Dalessio*, Case Number HHB-CR15-0062839-T, Dalessio pleaded guilty to two counts of risk of injury to a child in violation of Connecticut General Statutes § 53-21(a)(1).[1] On that same date, a judge sentenced him to eight years of imprisonment execution suspended after thirty months and followed by five years of probation on the first count, and seven years of imprisonment execution suspended after two years and followed by five years of probation on the second count.

Dalessio claims that the Department of Correction has assigned him a violence/severity risk score of 4 and a needs score of 3 and has classified him as a sex offender. *See* Compl., at ¶¶ 2, 11. In late July or early August 2017, Dalessio sought a reclassification review based on new and relevant information pertaining to his conviction. *See id.* at ¶¶ 1, 6. At some later point, Counselor Supervisor Santana denied Dalessio's request for a reclassification review. *See id.* at ¶ 3. Instead, Counselor Supervisor Santana explained the basis for Dalessio's violence/severity risk score and his needs score. *See id.* Dalessio states that he wrote to counselors, the warden and Commissioner of Correction Scott Semple, but they have all either failed to respond to his requests or ignored their own policies and procedures. *See id.* at ¶ 12. For relief, Dalessio seeks punitive damages and various forms of injunctive relief. *See id.* at ¶¶ 13-21.

---

[1] Information regarding Dalessio's criminal case is available at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up, Criminal/Motor Vehicle, Convictions – by Docket Number using HHB-CR15-0062839-T.

State of Connecticut Department of Correction Administrative Directive 9.2 provides that the classification of an inmate begins within the first two business days of an inmate's confinement in a Department of Correction facility. *See* Administrative Directive 9.2(9), entitled Offender Classification, available at: http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0902.pdf (effective July 1, 2006). After initial classification, an inmate's risk level and needs are reviewed every six months. *See id.* 9.2(10)(A). New information that is relevant to an inmate's risk or needs classification requires a reclassification review. *See id.* 9.2(14).

Dalessio contends that the Department of Correction has improperly considered police reports, original criminal charges and information in his presentence investigation report to assign him a needs score of 3 and to classify him as a sexual offender. Dalessio claims that the Connecticut Supreme Court held in *Anthony A. v. Commissioner of Correction*, 326 Conn. 668 (2017), that Anthony A. had a liberty interest in not being labeled a sex offender and that the Department of Correction could not use police reports, original criminal charges or information in presentence investigation reports in the classification process upon an inmate's confinement pursuant to a state court conviction and sentence. *See* Compl., Doc. No. 1, at ¶ 6. Based on the Connecticut Supreme Court's holding in *Anthony A.*, Dalessio believed that the fact that he had not been convicted for a sexual or violent offense was the only relevant information to be considered with regard to his risk/needs scores and classification. Thus, he was entitled to a reclassification review. The court notes that the Connecticut Supreme Court decided *Anthony A.* on August 29, 2017. *See Anthony A.*, 326 Conn. 668.

Dalessio claims that he requested a reclassification review in late July or early August 2017. Counselor Supervisor Santana, however, denied the request.

3

Prisoners are required to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") The exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 91 (2006) (proper exhaustion "means using all steps that the agency holds out . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with agency deadlines and other critical procedural rules"). Thus, completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. *See Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)

("district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (citing *Jones*, 549 U.S. at 215).

Dalessio "concludes that he has exhausted all in-house remedies" regarding his claim that he was entitled to a reclassification review. Compl., Doc. No. 1, at ¶ 12. He states that he "will get nowhere filing grievances in-house." *Id.* at ¶ 10. Dalessio, however, does not allege that he appealed the decision of Counselor Supervisor Santana to deny his request for a reclassification review. State of Connecticut Department of Correction Administrative Directive 9.2 provides that classification decisions may be appealed to the Unit Administrator within fifteen days of the date of the decision. *See* Administrative Directive 9.2(15).[2]

Commissioner Semple is the only defendant in this action. Although Dalessio states that he wrote to Commissioner Semple, he does not indicate how Commissioner Semple was involved in the decision to deny him a reclassification hearing. As such, he has not alleged a plausible claim that Commissioner Semple violated his constitutionally or federally protected rights. The claims against Commissioner Semple are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

---

[2] In addition, State of Connecticut Department of Correction Administrative Directive 9.6 governing Administrative Remedies provides that classification decisions made by facility staff may be appealed to the Unit Administrator within 15 calendar days of the decision by completing a CN 9602 Inmate Administrative Remedy Form and placing it in the Administrative Remedies box. *See* Administrative Directive 9.6(7), entitled Inmate Administrative Remedies available at: http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (effective August 15, 2013). State of Connecticut Department of Correction Administrative Directive 1.2, entitled Organization, defines unit administrator as a warden of a correctional facility or a unit-level director. *See* Administrative Directive 1.2(3) available at http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0102.pdf (effective May 10, 2017).

It is hereby ordered that:

(1) The claims against Commissioner Semple are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). In addition, Dalessio has conceded that he did not exhaust his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a). The Clerk is directed to enter judgment for the defendant and close this case. If Dalessio chooses to appeal this decision, he may not do so *in forma pauperis,* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dalessio may move to reopen this case if he can explain how Commissioner Semple or the Unit Administrator at Brooklyn was involved in denying him a reclassification review. In addition, Dalessio must explain how he fully exhausted his available remedies prior to filing this action on October 2, 2017. If Dalessio chooses to file a motion to reopen, he must do so within thirty days of this order. Any motion to reopen must be accompanied by a motion for leave to amend and a proposed amended complaint.

(2) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

So ordered.

Dated at Bridgeport, Connecticut this 29th day of March, 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge